AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## Eastern District of Washington

UNITED STATES OF AMERICA
V.
Steven Karl Randock, Sr.

aka Stephen Frendock

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 2:05CR00180-002

USM Number: 11255-085

Peter S. Schweda
Defendant's Attorney

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AUG 12 2008
JAMES R LARSEN, CLERK
DEPUTY
YAKIMA, WASHINGTON

**THE DEFENDANT:**

☑ pleaded guilty to count(s) 1 of the Indictment

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 371, 1341, 1343 | Conspiracy to Commit Wire Fraud and Mail Fraud | 10/04/05 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s) 2 of the Indictment ☑ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/5/2008
Date of Imposition of Judgment

Signature of Judge

The Honorable Lonny R. Suko Judge, U.S. District Court
Name and Title of Judge

8/12/08
Date

DEFENDANT: Steven Karl Randock, Sr.
CASE NUMBER: 2:05CR00180-002

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 36 months.

☑ The court makes the following recommendations to the Bureau of Prisons:

1) placement at a BOP faciility which can provide needed medical attention;
2) credit for time served.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ____________ ☐ a.m. ☐ p.m. on ____________ .

☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on ____________ .

☐ as notified by the United States Marshal.

☑ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on ____________ to ____________

at ____________, with a certified copy of this judgment.

____________
UNITED STATES MARSHAL

By ____________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Steven Karl Randock, Sr.
CASE NUMBER: 2:05CR00180-002

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : 3 years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Steven Karl Randock, Sr.
CASE NUMBER: 2:05CR00180-002

## SPECIAL CONDITIONS OF SUPERVISION

14. You shall allow the supervising probation officer or designee to conduct periodic random inspections, including retrieval and copying of data from the computer and any internal or external peripherals. This may require removal of the equipment for purposes of more thorough inspection. Further, you shall not possess or use any public or private data encryption technique or program. You may be required to purchase hardware or software systems that monitor your computer usage and shall consent to installation of such systems on our computer.

15. You shall provide the supervising probation officer with access to any requested financial information, including authorization to conduct credit checks and obtain copies of your Federal income tax returns. You shall disclose all assets and liabilities to the supervising probation officer. You shall not transfer, sell, give away, or otherwise convey any asset, without the advance approval of the supervising probation officer.

16. You shall surrender or make available for review, any documents and/or business records, requested by the supervising probation officer.

17. You shall submit your person, residence, office, or vehicle to a search, conducted by a U.S. probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. You shall warn persons with whom you share a residence that the premises may be subject to search.

18. The defendant shall be prohibited from working in the educational field, with the exception of writing, programming, and selling real estate courses, if approved by her assigned probation officer.

DEFENDANT: Steven Karl Randock, Sr.
CASE NUMBER: 2:05CR00180-002

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $100.00 | $0.00 | $0.00 |

☐ The determination of restitution is deferred until ______ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ ______________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments



DEFENDANT: Steven Karl Randock, Sr.
CASE NUMBER: 2:05CR00180-002

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☑ Lump sum payment of $ 100.00 due immediately, balance due

☐ not later than __________, or
☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal ______ (e.g., weekly, monthly, quarterly) installments of $ ______ over a period of ______ (e.g., months or years), to commence ______ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal ______ (e.g., weekly, monthly, quarterly) installments of $ ______ over a period of ______ (e.g., months or years), to commence ______ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within ______ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Numbers (including defendant number) and Defendant and Co-Defendant Names, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

See Page 7.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: Steven Karl Randock, Sr.
CASE NUMBER: 2:05CR00180-002

# ADDITIONAL FORFEITED PROPERTY

REAL PROPERTY
All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, described as Parcel Number 37033.9138 located in Spokane County, Washington, (title to said real property is vested in Steven Randock and Dixie E. Randock, husband and wife), more particularly described as: Parcel Number 37033.9138, located in Spokane County, Washington:

Parcel A:
That portion of the Southwest Quarter of Section 3, Township 27 North, Range 43 East, W.M., described as follows: Beginning at the Southeast Section Corner of Section 4, Township 27 North, Range 43 East, W.M., in Spokane County, Washington; Thence North 00E12'31" East, 660 feet along the Section line to the True Point of Beginning; Thence continuing North 00E12'31" East, 428.00 feet along said Section line; Thence North 89E51'24" East, 1,896.68 feet to the thread of the Little Spokane River; Thence Southwesterly along said thread to a point that is North 89E51'24" East, 1,427.84 feet and South 00E04'10" West, 22.81 feet from the True Point of Beginning; Thence North 00E04'10" East, 22.81 feet; Thence South 89E51'24" West, 1,427.84 feet to the True Point of Beginning; Except North Glen Estates recorded in Volume 8 of Plats, Page 50; Also shown of record as Parcel "A" of survey recorded under Auditor's File No. 4409581 in Book 88 of Surveys, Page 92.

Parcel B:
The West 400 feet of that portion of the Southwest Quarter of Section 3, Township 27 North, Range 43 East, W.M., in Spokane County, Washington, described as follows: Beginning at the Southwest Corner of Section 3; Thence North 00E04'10" East 73 feet to the True Point of Beginning; Thence continuing North 00E04'10" East 587 feet along the Section line; Thence South 89E52'45" East 1,422.87 feet; Thence South 00E04'10" West 22.81 feet to the centerline of the Little Spokane River; Thence South 79E12' West 140 feet; Thence South 50E50' West 530 feet; Thence South 18E54'06" West 181.74 feet; Thence South 00E26'24" West 30 feet; Thence North 89E52'45: West 816.01 feet to the True Point of Beginning; Except County Road. APN: 37033.9138 Together with all appurtenances, fixtures, attachments, and improvements thereto and thereupon. SUBJECT to any easements, rights of way, reservation and/or exceptions of record.

CURRENCY
$10,320.00 United States currency seized on or about August 11, 2005, from Steven Randock and Dixie Randock.

CONVEYANCE
2001 Jaguar XK8, VIN: SAJDA42CX1NA13599.

SAFE DEPOSIT BOX
$43,600.00 United States currency discovered and seized on or about August 11, 2005, from safe deposit box #155, located at American West Bank, rented by Lawrence ("Larry") Randock and/or Steven K. Randock, Sr.

FUNDS SEIZED FROM BANK ACCOUNTS
1) Funds in the amount of $2,042.54 United States currency, held in the name of AEIT, Inc., and/or Steven Randock and Dixie Randock, seized from Wells Fargo Bank Account Number XXX-XXX2052 on or about August 11, 2005; and, 2) Funds in the amount of $555.43 United States currency, held in the name of AEIT and/or Steven Randock and Dixie Randock, seized from Bank of Fairfield Account Number XXXX8759 on or about August 11, 2005.

BANK ACCOUNT(S)
1) $280,000.00 United States funds or other monetary instruments credited to Banc Caribe Account Number CK-XX0941, held in the name of Saint Regise University (AEIT Peer Degree Program) Graduate School, and/or Steven Randock and Dixie Randock; 2) $150,000.00 United States funds or other monetary instruments credited to Banc Caribe Account Number SV-XX0084, held in the name of Saint Regise University (AEIT Peer Degree Program) Graduate School, and/or steven Randock and Dixie Randock; and, 3) $50,000.00 United States funds or other monetary instruments credited to Loyal Bank, Limited Account Number XXXXXXXX2405, held in the names of Steven K. Randock and Dixie Randock.